MAY TERM, 1881, No. 166.					JUNE 20TH, 1881.

## Appeal of W. C. Wood *et al.*

It is no reason for refusing to open a judgment obtained upon a renewed promissory note containing usurious interest, that in order to renew the note plaintiff was himself compelled to borrow money at the same, or a greater rate of interest, and that this fact was known at the time of the renewal to the defendant, who agreed that the usurious rate should be paid.

APPEAL of W. C. and J. Wood from the decree of the Court of Common Pleas of *Tioga County*, discharging a rule to show cause why a judgment entered upon a warrant of attorney should not be opened, and the defendant let in to a defence.

Judgment was entered June 17th, 1880, by D. T. Billings, to the use of F. G. Hall, against W. C. and J. Wood for $747.68 by virtue of a power contained in a promissory note dated October 2d, 1879. After execution had been issued defendants obtained a rule upon the plaintiffs to show cause why the judgment should not be opened and the defendants let in to a defence. The rule was heard upon the affidavits of W. C. Wood, one of the defendants, and D. T. Billings, the plaintiff.

The affidavit of Wood was to the effect that the note in suit was given as a renewal of a former note, and had no other consideration; that payments which were detailed had been made upon the former note, reducing the amount legally due to $322.96, and that the balance of the plaintiff's claim consisted of usury.

The affidavit of Billings set forth that he bought the original note drawn by W. C. Wood and O. L. Wood, and entered judgment upon it for $1025 ; that when it came due the defendants in the present case stated to plaintiff that they had bought the farm against which it was a lien, and were to pay it; "that they could not then pay the said judgment, but that they were willing to pay, and would pay, to deponent 10 per cent. for the use of said amount due on said judgment, if he, deponent, would extend the time of payment thereof. Your deponent said to them that he could not get along without such payment, as he needed the money, and would be obliged to borrow if he did not get the amount due on said judgment, and that he could not get money at a less rate than 10 per cent. They then stated to deponent that if he would extend the payment of said judgment they would pay him 10 per cent. at least, and as much more as deponent had to pay ; that they could not raise money to pay said judgment at a less rate than 10 or 12 per cent., and that they would pay deponent 10 per cent., and more if he

had to pay more, but at least 10. Your deponent, in consideration of said promise, and for the purpose of accommodating said defendants, borrowed money for his then needs, depending on defendants to pay him, as they had agreed, and he has paid, in consequence of said agreement, in interest and discount, more than the amount which they now ask to be relieved from; that he has paid interest and discount at a greater rate than 10 per cent. in consequence of their promise," and that the balance due on a basis of 10 per cent. was $747.68, which defendants subsequently agreed to pay if plaintiff would satisfy the judgment and accept a new note at one year for the amount, which said note plaintiff accepted, and is the note now in suit.

The Court below discharged the rule, saying:

"As there is no evidence and no allegation that the loan set up by D. T. Billings in his affidavit was other than a loan by him to accommodate defendants, and his statement that he has paid for the benefit, and at the request of the defendants, the whole amount of the alleged usurious interest is not controverted, we do not feel moved to open this judgment. The defendants not only promised to pay the extra interest, but they induced ·Billings to pay it upon their promise to recompense him. To permit them to open the judgment, under such circumstances, seems to us to be inequitable."

The defendants then took out a *certiorari sur appeal,* assigning as error the discharge of the rule.

*Elliott & Watrous* and *Strang & Sanders* for the appellants.

Why an unlawful agreement to pay usurious interest by the maker of a note is more binding because coupled with an agreement that the payee may, if he choose, make an unlawful agreement with another party to pay usurious interest for money to be used by himself, is difficult to understand. It would practically nullify the statute against usury.

The opinion of the Court was delivered by GORDON, J.

This was an application on part of the appellants to the Court below to open a judgment now standing on the dockets of Tioga County against them, in which D. T. Billings is the legal, and F. G. Hall, the use plaintiff. The case was disposed of on the affidavits of W. C. Wood and D. T. Billings. By these it appears there was included in the judgment some $444.18 of interest beyond the legal rate. Billings, however, avers that when the original note, of which the present one is a renewal, became due, he applied

to the defendants for payment, and that they, not being able to pay, and he being in want of money, agreed that on his giving them an extension they would pay him interest at the rate of not less than 10 per cent., and more, if he had to pay more for money for his own use; that in consequence of this arrangement he granted the extension and borrowed money for his own use at a rate even greater than 10 per cent., and that subsequently a new judgment was taken which included the old one, previous payments being first deducted with the addition of 10 per cent. interest. Under this statement the learned judge of the Court below thought that as Billings had paid to the person or persons from whom he borrowed the money to supply that which the defendants ought to have paid, the whole amount of the interest which was included in the judgment, it would be inequitable to permit the defendants to avoid a contract made at their own instance and for their own benefit, and therefore refused their motion.

We confess this presents a very fair and reasonable account of the transaction between these parties, but then the fact remains that $444.18 of this judgment is confessedly usurious, and under the provisions of the first section of the act of May 28th, 1852, this amount the defendants cannot be compelled to pay. The plaintiff's affidavit does but explain why the usurious interest was included in the judgment, but this explanation does not relieve the contract from the inhibition of the statute.

Confining our attention, as we must, to the transaction itself, we discover just this: that if the defendants are compelled to pay the full face of this judgment they must pay an amount of interest which is 4 per cent. in excess of the legal rate, and how can the force of this fact be averted by the allegation that Billings had, in order to accommodate the defendants, to pay to some other person 10 per cent. for an equivalent loan? And if he paid to another what he might have refused to pay, does that furnish a reason for compelling the defendants to pay what they may lawfully refuse to pay?

The serious defects in the argument of the appellees is that it would allow the lender to recover usurious interest whenever it appeared that the money loaned had been borrowed at illegal rates, or when the creditor, in order to accommodate his debtor in the way of time, has contracted such loan in order to meet his own necessities. In other words, usury is made to condone usury,—*similia similibus curantur.* We need hardly say that the statute cannot be avoided by any such method; the intent is too obvious,

and were it permitted the statute might as well be repealed.

The order of the Court below, discharging the rule to open the judgment, is reversed and set aside, and a *procedendo* is awarded.